## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

Steven Nyhart              \*
Jennifer Nyhart            \*
500 Beaumont Road       \*
Silver Spring, MD 20904    \*
                              \*

      Plaintiffs            \*

                              \*

      v.                      \*     Civil No: ___4056007V___

                              \*

PNC Bank, National Association   \*
d/b/a PNC Mortgage          \*
249 Fifth Avenue               \*
Pittsburgh, PA 15222         \*          **RECEIVED**
SERVE ON RESIDENT AGENT:   \*
      CSC-Lawyers Incorporating   \*           JUN 0 1 2015
      Service Company          \*      Clerk of the Circuit Court
      7 St. Paul Street, Suite 820    \*       Montgomery County, Md.
      Baltimore, MD 21202       \*
                              \*

      Defendant           \*

                              \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiffs Steven Nyhart and Jennifer Nyhart, by and through undersigned counsel, file this Complaint and Request for Jury Trial and, in support thereof, state:

### INTRODUCTION

1. Plaintiffs duly maintained their obligations as obligors under a promissory note (the "Note") and made monthly mortgage payments pursuant to the Note to the presumed and purported holder of the Note.

2. The obligation under the note is secured by a deed of trust (the "DOT") against residential property in Silver Spring, Maryland.

- 1 -

3.  The Note is presumably held by and serviced by Defendant, PNC Bank, National Association, d/b/a PNC Mortgage, ("PNC").

4.  PNC wrongfully refused to accept Plaintiffs' monthly mortgage payments and claimed that Plaintiffs were in default on the Note.

5.  Plaintiffs have gone to great lengths to avoid litigation to rectify the time and expense incurred by Plaintiffs as a result of PNC's wrongful rejection of Plaintiffs' monthly mortgage payments, but PNC has yet to fully rectify PNC's mistakes and bring whole Plaintiffs.

## PARTIES

6.  Steven Nyhart and Jennifer Nyhart are persons, married to one another, residents of the State of Maryland, and owners of the real property and improvements thereon located at and commonly known as 500 Beaumont Road, Silver Spring, Maryland 20904 (the "Property").  A true and correct copy of the recorded deed to the Property is incorporated by reference and attached hereto as EXHIBIT A.

7.  Defendant PNC is a national association which holds and services a multitude of promissory notes and their respective deeds of trust in the State of Maryland.  Defendant PNC is registered with the Maryland State Department of Assessments and Taxation and bears SDAT Department ID No. F12541181.  Defendant PNC has represented in reports made to multiple consumer reporting agencies that it holds Plaintiffs' Note.

## JURISDICTION AND VENUE

8. This Court has jurisdiction and is the proper venue because Defendant PNC regularly conducts business in the State of Maryland, and specifically, as it relates to this action, in Montgomery County, Maryland.

9. Defendant PNC's actions relevant to this case are directly related to the Property located in Montgomery County, Maryland.

10. Injury, harm, and damages caused by Defendant PNC to Plaintiffs occurred in Montgomery County, Maryland.

11. Declaratory and injunctive relief are available pursuant to Md. Code Ann., §§3-401 through 3-415.

## FACTS

12. Unlike many homeowners in recent years facing foreclosure for lack of mortgage payments, Plaintiffs consistently made their monthly mortgage payments unto Defendant PNC.

13. On or about May and June, 2014 Plaintiffs sent payments to Defendant PNC for payments due under the Note.

14. Defendant PNC wrongfully rejected said payments.

15. Plaintiffs informed Defendant PNC that PNC wrongfully rejected Plaintiffs' payments. In good faith, Plaintiffs timely and repeatedly sent their subsequent monthly mortgage payments to PNC and PNC repeatedly and wrongfully rejected Plaintiffs' subsequent monthly mortgage payments.

16. Defendant PNC wrongfully, repeatedly declared Plaintiffs in default of the Note, reported negatively to credit bureaus for default, and commenced a foreclosure action against the Property on or about January 29, 2015. The foreclosure action bears case number 400118V in the Circuit Court for Montgomery County, Maryland.

17. Defendant's negative credit reporting to credit bureaus has caused considerable damage to Plaintiffs' credit history.

18. Plaintiffs hired counsel to assist in clarifying the wrongful rejection of Plaintiffs' monthly mortgage payments. Plaintiffs incurred expenses and attorney's fees for this counsel.

19. Despite Plaintiffs notifying Defendant that Plaintiffs hired counsel, Defendant's agents continued to contact Plaintiffs directly for debt collection purposes.

20. Undeterred for several months, Defendant persisted falsely representing that Plaintiffs were in default of the Note for insufficient payments legally due under the Note.

21. On or about March 3, 2015, Defendant sent a letter to Plaintiffs acknowledging Defendant's wrongfully rejection of Plaintiff's monthly mortgage payments and explained that Defendant would dismiss its foreclosure action against the Property. However, Defendant did not take any further actions to rectify Defendant's wrongful rejections and consequences stemming therefrom. A true and correct copy of Defendant's letter to Plaintiffs is attached as EXHIBIT B.

22. Despite the dismissal of the foreclosure action, Plaintiffs are not properly recompensed for the time and energy exerted, or the mental anguish, emotional distress, expenses, costs, and attorney's fees incurred, or the impact of the negative credit reporting.

23. Plaintiffs requested of Defendant removal of all negative credit reporting for Plaintiffs and a payment schedule to for Defendant to accept all payments wrongfully rejected by Defendant.

24. Despite communications from undersigned counsel, Defendant's representatives contacted Plaintiffs regarding collection of payments due under the Note, said payments being the payments Defendant originally wrongfully rejected and subsequent payments rejected due to the said foreclosure case pending.

25. Plaintiffs have suffered loss of energy and time, mental anguish, emotional distress, expenses, costs, and attorney's fees as a result of PNC's aforementioned actions. Furthermore, Plaintiffs have suffered the consequences of PNC's wrongful negative credit reporting.

26. Plaintiffs have suffered a loss of consortium as a result of Defendant PNC's wrongful actions.

27. Plaintiff Steven Nyhart has suffered tremendous mental and psychological harm due to PNC's wrongful actions.  Plaintiff Steven Nyhart has lost the affection and esteem of his wife Plaintiff Jennifer Nyhart and his children.

28. Plaintiff Steven Nyhart is under the care of a mental health care professional and is prescribed medication to alleviate the emotional distress and mental anguish caused by Defendant PNC's actions. Plaintiff Steven Nyhart's mental health care professional attributes Plaintiff Steven Nyhart's mental state to Defendant PNC's actions and the consequences stemming therefrom.

## COUNT I – DECLARATORY JUDGMENT

29. Plaintiffs incorporate all foregoing allegations as if stated herein.

30. There is an actual controversy between Plaintiffs and Defendant as to whether Defendant breached its contract (i.e., the Note and DOT) with Plaintiffs and whether Plaintiffs are released of all obligations under the Note and DOT.

31. Plaintiffs seek a declaration that Defendant breached its contract (i.e, the Note and the DOT) with Plaintiffs by wrongfully rejecting Plaintiffs monthly mortgage payments and commencing foreclosure proceedings on the Property.

32. Plaintiffs further seek a declaration that Defendant's said breach of contract is material and relieves Plaintiffs of any obligation to perform under said contract.

33. Plaintiffs seek a declaratory judgment pursuant to Md. COURTS AND JUDICIAL PROCEEDINGS Code Ann. §3-401 et seq.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court:

A. ENTER a declaratory judgment as set forth herein;

B. AWARD Plaintiffs reasonable attorney's fees, costs, and expenses and order Defendant pay the same unto Plaintiffs;

C. GRANT such other and further relief as the nature of this cause may require.

## COUNT II – BREACH OF CONTRACT

34. Plaintiffs incorporate all foregoing allegations as if stated herein.

35. The Note provides for monthly mortgage payments in a certain amount.

36. Plaintiffs sent monthly mortgage payments for said certain amount.

37. Defendant has breached its agreement with Plaintiffs by repeatedly wrongfully rejecting Plaintiffs' monthly mortgage payments of the correct amounts legally due under the Note.

38. Defendant has breached its agreement with Plaintiffs by falsely and wrongfully declaring Plaintiffs in default under the Note.

39. Defendant has breached its agreement with Plaintiffs by falsely and wrongfully reporting negatively to credit bureaus.

40. Defendant has breached its agreement with Plaintiffs by falsely and wrongfully instituting said foreclosure action against the Property pursuant to the DOT.

41. Plaintiffs are damaged by Defendant's breach in a number of ways aforementioned.

42. It was foreseeable to Defendant that its wrongful rejection of Plaintiffs' monthly mortgage payments, wrongful declaration of default, wrongful negative credit reporting, and wrongful foreclosure action would cause Plaintiffs damage.

43. Defendant knew that Defendant would disclose to third parties that Plaintiffs were in default and that Defendant would institute said foreclosure action when it wrongfully rejected Plaintiffs' monthly mortgage payments.

44. It was foreseeable to Defendant, a national association regularly engaged in financial transactions affecting credit, that its foreclosure action and disclosure to third parties of inaccurate information would cause Plaintiffs damages, including emotional distress, humiliation, and embarrassment.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court:

A.  AWARD compensatory damages in favor of Plaintiffs against Defendant for Defendant's breach of contract in the amount of $500,000.00 and order Defendant pay the same unto Plaintiffs;

B.  AWARD Plaintiffs reasonable attorney's fees, costs, and expenses and order Defendant pay the same unto Plaintiffs;

C.  GRANT such other and further relief as the nature of this cause may require.

## COUNT III – VIOLATION OF MARYLAND CONSUMER PROTECTION ACT

45. Plaintiffs incorporate all foregoing allegations as if stated herein.

46. Plaintiffs are consumers and persons as defined in Md. COMMERCIAL LAW Code Ann. §13-101.

47. Defendant is a merchant and person as defined in Md. COMMERCIAL LAW Code Ann. §13-101.

48. The DOT is a mortgage as defined in Md. COMMERCIAL LAW Code Ann. §13-316.

49. Defendant is a servicer as defined in Md. COMMERCIAL LAW Code Ann. §13-316.

50. Defendant engaged in unfair and deceptive trade practices by wrongfully rejecting Plaintiffs' monthly mortgage payments, wrongfully declaring Plaintiffs in default under the Note, wrongfully reporting negatively to credit bureaus, and wrongfully instituting said foreclosure action against the Property pursuant to the DOT.

51. Defendant, as servicer, did not make timely payments of the taxes and/or insurance premiums due under the DOT even though Plaintiffs, mortgagors, made monthly mortgage payments in amounts sufficient to pay the tax or insurance premium due.

52. Defendant's aforementioned acts and omissions are in violation of Md. COMMERCIAL LAW Code Ann. §§ 13-303 and 13-316.

53. Plaintiffs may file this count against Defendant pursuant to Md. COMMERCIAL LAW Code Ann. §§ 13-401 and 13-408.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court:

A. AWARD damages in favor of Plaintiffs against Defendant in the amount of $500,000.00 and order Defendant pay the same unto Plaintiffs;

B. AWARD punitive damages in favor of Plaintiffs against Defendant in the amount of no less than $500,000.00;

C. AWARD Plaintiffs reasonable attorney's fees, costs, and expenses and order Defendant pay the same unto Plaintiffs;

D. GRANT such other and further relief as the nature of this cause may require.

## COUNT IV – VIOLATION OF MARYLAND CONSUMER DEBT COLLECTION ACT

54. Plaintiffs incorporate all foregoing allegations as if stated herein.

55. Plaintiffs are persons as defined in Md. COMMERCIAL LAW Code Ann. §14-201.

56. Defendant is a collector as defined in Md. COMMERCIAL LAW Code Ann. §14-201.

57. Defendant disclosed information regarding default on the Note which affects Plaintiffs' reputation for credit worthiness with knowledge that the said information is false.

58. Defendant claimed and attempted to enforce a right to foreclosure under the DOT with knowledge that said right did not exist or, alternatively, that said right existed solely due to Defendant's wrongful rejection of Plaintiffs' monthly mortgage payments.

59. Defendant's aforementioned acts are in violation of Md. COMMERCIAL LAW Code Ann. §14-202.

60. Defendant's aforementioned acts directly and proximately caused Plaintiffs' aforementioned damages, including emotional distress and mental anguish suffered.

61. A violator of the Maryland Consumer Debt Collection Act is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury. Md. COMMERCIAL LAW Code Ann. §14-203.

62. Defendant is liable for said damages under Md. COMMERCIAL LAW Code Ann. §14-203.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court:

A. AWARD damages in favor of Plaintiffs against Defendant in the amount of $500,000.00 and order Defendant pay the same unto Plaintiffs;

B.  AWARD punitive damages in favor of Plaintiffs against Defendant in the amount of no less than $500,000.00;

C.  AWARD Plaintiffs reasonable attorney's fees, costs, and expenses and order Defendant pay the same unto Plaintiffs;

D.  GRANT such other and further relief as the nature of this cause may require.

Respectfully submitted,

Shawn D. Bartley, Esq.
Shawn D. Bartley & Associates, LLC
8730 Georgia Avenue, Suite 610
Silver Spring, MD 20910
301-741-4124
*Counsel for Plaintiffs*

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on all claims asserted herein.

Shawn D. Bartley, Esq.