**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STEVEN NYHART<br>JENNIFER NYHART<br>　　　　Plaintiffs<br><br>　　　　v.<br><br>PNC BANK, N.A.<br>　　　　Defendant | Case No.: 8:15-cv-02241-PX |

**MEMORANDUM OF LAW IN SUPPORT OF**
**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

　　Plaintiffs, Steven Nyhart ("Mr. Nyhart") and Jennifer Nyhart ("Mrs. Nyhart"), by and through undersigned counsel, hereby submit this Memorandum of Law in support of their Opposition to Defendant's Motion for Summary Judgment, and state as follows:

**INTRODUCTION**

　　Plaintiffs' action stems from Defendant's wrongful rejection of Plaintiffs' mortgage payments paid unto Defendant pursuant to a promissory note (the "Note") secured by Plaintiffs' property located at 500 Beaumont Road, Silver Spring, Maryland 20904 (the "Property") through a deed of trust (the "DOT").  Defendant wrongfully rejected Plaintiffs' mortgage payments in May and June, 2014, and thereafter continued to reject Plaintiffs' subsequent mortgage payments and instituted a foreclosure action (Case No. 400118V in the Circuit Court for Montgomery County, Maryland) against the Property.  Defendant wrongfully reported the foreclosure action against Mr. Nyhart to three major credit bureau reporting agencies.  Then, Defendant admitted to wrongfully rejecting Plaintiffs' mortgage payments and dismissed its foreclosure action only to demand instant lump sum payment from Plaintiffs for all the mortgage payments Defendant had previously rejected.  Mr. Nyhart's

affidavit in support of this Opposition to Defendant's Motion for Summary Judgment is incorporated by reference and attached hereto as Exhibit A.

## LEGAL STANDARD

By Defendant's Motion for Summary Judgment ("Defendant's Motion") and Memorandum of Law in Support of Motion for Summary Judgment ("Defendant's Memo"), Defendant contends that it is entitled summary judgment as a matter of law as to all counts in Plaintiffs' Complaint because Defendant alleges that Defendant did not wrongfully reject Plaintiffs' mortgage payments and therefore Defendant did not violate the Maryland Consumer Protection Act or the Consumer Debt Collection Act. Defendant seeks to prevent the trier of fact from reviewing Defendant's damaging conduct. For the reasons set forth in this Memorandum, Plaintiffs disagree.

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party is held to a high standard; any doubt regarding the existence of a genuine issue of material fact will be resolved against the movant. *See* Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598 (1970). Facts presented by the moving party will be construed in favor of the opposing party, while facts presented by the opposing party, if supported with affidavits or other evidentiary material, will generally be regarded as true. Scott v. Harris, 550 U.S. 372, 376-377, 127 S.Ct. 1769, 1774-1775 (2007). The burden on the nonmoving party is not a heavy one; the evidence does not need to prove conclusively the fact in favor of that party, only that there is an issue of material fact to be resolved at trial by a jury or judge. First Nat. Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 1592 (1968).

## ARGUMENT

I. **DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS A GENUINE DISPUTE AS TO WHETHER DEFENDANT WRONGFULLY REJECTED PLAINTIFFS' MORTGAGE PAYMENTS.**

In the course of payment under the Note, Plaintiffs would tender mortgage payments to Defendant and Defendant would apply Plaintiffs' mortgage payments to a "suspense" account and an "escrow" account. Plaintiffs submitted mortgage payments to Defendant on or about May 16, 2014 and June 13, 2014. Defendant rejected said payments as insufficient payments. However, Defendant failed to use the May 16, 2014 payment coupled with the funds held in suspense and escrow to satisfy Mr. Nyhart's obligation under the Note.

Once Defendant rejected Plaintiffs' said payments, Plaintiffs contacted Defendant by phone in an effort to make additional subsequent payments and also mailed checks as subsequent payments, but Defendant rejected Plaintiffs' attempts at payment over the phone and by check. Thereafter, Defendant initiated foreclosure proceedings against the Property. Plaintiffs retained their prior counsel to communicate with Defendant to correct Defendant's erroneous rejection of the mortgage payments.

By letter dated March 3, 2015, a copy of which is attached hereto as Exhibit B, Defendant admitted to and acknowledged Defendant's wrongful rejection of Plaintiff's May 16, 2014 and June 13, 2014 payments, acknowledged that Defendant would dismiss the foreclosure action, and demanded a lump sum payment from Mr. Nyhart for all the payments Defendant had previously rejected. Now, however, Defendant contends that its letter dated March 3, 2015 is incorrect in stating that Plaintiffs' payments should not have been rejected. Def.'s Memo at Footnote 1. Defendant's contradicting statements, between Defendant's letter dated March 3, 2015 admitting to wrongful

rejection of mortgage payments and Defendant's new position and defense in Defendant's Motion that Defendant properly rejected mortgage payments, can be resolved only by the trier of fact for the validity of either of Defendant's contradicting statements.

Plaintiffs dispute Defendant's contention that the Plaintiffs' payments were properly rejected. Furthermore, Plaintiffs dispute Defendant's contention that Defendant's letter dated March 3, 2015 incorrectly states that Plaintiffs' payments should not have been rejected. Whether Defendant wrongfully rejected Plaintiffs' mortgage payments is a question of fact for the trier of the fact to determine at a contested jury trial and is not adequate for summary judgment.

II. **DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS A GENUINE DISPUTE AS TO WHETHER DEFENDANT PROHIBITED PLAINTIFFS FROM CURING THE ACCOUNT AFTER DEFENDANT REJECTED PAYMENTS.**

Plaintiffs submitted mortgage payments to Defendant on or about May 16, 2014 and June 13, 2014. Defendant rejected said payments by sending checks to Mr. Nyhart. Alarmed by Defendant's rejection of said payments, Mr. Nyhart called Defendant in June, 2014 to inquire about the rejected payments and to ensure the mortgage account was current or to make a lump sum payment to cure arrears and bring the account current, if necessary. During the phone call, Defendant told Mr. Nyhart that mortgage payments were past due and that the account was referred to Defendant's legal department. In response, Mr. Nyhart demanded to make a lump sum payment to Defendant to cure arrears and bring the account current. However, Defendant, via its customer service department,

refused to accept any payment to bring the account current and told Mr. Nyhart that Mr. Nyhart could not bring the account current at that time.

Plaintiffs were ready, willing, and able to make a lump sum payment to Defendant in June, 2014 to bring the account current because Defendant rejected Plaintiffs' May 16 and June 13, 2014 payments. Defendant refused Plaintiffs' tender of payment to bring the account current. Subsequently, Defendant rejected all of Plaintiffs' additional mortgage payments and initiated a foreclosure action against the Property.

Plaintiffs dispute Defendant's contention that the Plaintiffs' payments were properly rejected. Furthermore, Plaintiffs contend that Defendant should have accepted Mr. Nyhart's offered payment in June, 2014 to bring the account current in light of Defendant's rejected payments and that Defendant should not have summarily denied Mr. Nyhart the ability to pay. Defendant's referral of the account to its legal department does not prohibit Plaintiffs from tendering payment to cure any alleged default. The DOT, section 19, "Borrower's Right to Reinstate After Acceleration," gives Mr. Nyhart the right to cure arrears to bring the account current by paying all amounts that would be due under the Note as if no acceleration had occurred and paying for Defendant's expenses in enforcing the DOT. *See* Document 31-6, Def.'s Mot. at Ex. 4. Furthermore, Maryland law affords mortgagors, such as Mr. Nyhart, the statutory right to "cure the default by paying all past due payments, penalties and fees and reinstate the [Note] at any time up to one business day before the foreclosure sale." Md. Code, Real Prop. §7-105.1(p). Whether Defendant wrongfully refused to accept Plaintiffs' offer of payment to bring the account current after Defendant rejected Plaintiffs' mortgage payments is a question of fact for the trier of the fact to determine at a contested jury trial and is not adequate for summary judgment.

### III.  DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS A GENUINE DISPUTE AS TO WHETHER PLAINTIFFS SUSTAINED DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS.

Once Defendant wrongfully rejected Plaintiffs' mortgage payments, Plaintiffs spent considerable amounts of effort to correct Defendant's wrongful actions.  Plaintiffs suffered loss of energy, time, and expense to correct Defendant's mistakes.  Defendant reported negative credit activity for all the payments Defendant rejected from Plaintiff.  Furthermore, Defendant initiated a foreclosure proceeding against the Property after Defendant rejected Plaintiffs' mortgage payments.

As a result of Defendant's rejection of payments, negative credit reporting, and foreclosure action and Plaintiffs' attempts to contact Defendant to correct Defendant's actions, Plaintiffs suffered mental anguish, emotional distress, and attorney's fees.  Whether Plaintiffs' sustained damages as a result of Defendant's actions, and the extent of those damages, are questions for the trier of fact to determine at a contested jury trial and are not appropriate for summary judgment.

### IV.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MISCONSTRUES THE UNDERLYING PREMISES FOR PLAINTIFFS' CAUSES OF ACTION.

In Defendant's Motion and Memo, Defendant misconstrues the facts to move for summary judgment as to each of Plaintiffs' counts.  Defendant summarily concludes that it is undisputed that Mr. Nyhart failed to make all payments due under the subject note.  Furthermore, Defendant asserts that, in accordance with the allegedly undisputed facts surrounding Mr. Nyhart's lack of payment, Defendant properly rejected Plaintiffs' mortgage payments and properly commenced the foreclosure

action against the Property. Defendant uses these premises to move for summary judgment as to each of Plaintiffs' counts. However, Plaintiffs specifically dispute Defendant's contention that Defendant properly rejected Plaintiffs' payments in May and June, 2014. Moreover, Plaintiffs assert that Mr. Nyhart attempted to cure the account with a lump sum payment after Defendant rejected Plaintiffs' mortgage payments, but Defendant refused Mr. Nyhart's attempt to cure the account and also rejected Plaintiffs' subsequent payments. These disputed facts make summary judgment inappropriate. Defendant's refusal to allow Mr. Nyhart to cure the account and rejection of Plaintiffs' subsequent payments are in dispute and, thus, are inadequate for summary judgment in favor of Defendant as to all of Plaintiffs' counts.

In Defendant's Motion and Memo, Defendant argues that Plaintiffs' claims for breach of contract and violations of the Maryland Consumer Protection Act ("CPA") and Maryland Consumer Debt Collection Act ("CDCA") are claims to recover for inaccurate credit reporting and that said claims are preempted by the Federal Fair Credit Reporting Act ("FCRA"). Defendant's argument is misplaced. Plaintiffs' Complaint does not assert a cause of action under the FCRA nor do the prayers for the second, third, and fourth counts ask specifically for compensation for negative credit reporting. For each of Plaintiffs' claims, Plaintiffs allege that several of Defendant's actions, including wrongfully reporting negative credit activity, support Plaintiffs' claims. Plaintiffs' breach of contract claim is premised on several grounds, each of which amount to material breach by Defendant, including Defendant's repeated wrongful rejections of Plaintiffs' mortgage payments, Defendant wrongfully declaring default of the subject note, Defendant wrongfully commencing a foreclosure action against the Property, and Defendant wrongfully reporting negative activity to credit bureaus. Similarly, Plaintiffs' violation of the CPA claim is premised on several grounds that each amount to

violation of the CPA, including Defendant's repeated wrongful rejections of Plaintiffs' mortgage payments, Defendant wrongfully declaring default of the subject note, Defendant wrongfully commencing a foreclosure action against the Property, and Defendant wrongfully reporting negative activity to credit bureaus.  Lastly, Plaintiffs' violation of the CDCA claim is premised on several grounds that each amount to violation of the CDCA, including Defendant wrongfully commencing a foreclosure action against the Property and Defendant wrongfully reporting negative activity to credit bureaus.

Plaintiffs properly seek to recover for emotional distress and mental anguish suffered under violation of the CDCA, pursuant to Md. Code, Commercial Law Article, §14-203.  Contrary to Defendant's Motion and Memo, Plaintiffs do not seek to recover for emotional distress and "loss of consortium" under Plaintiffs' breach of contract claim.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment should be denied.

Date: June 23, 2016

Respectfully Submitted,

*/s/ Shawn D. Bartley, Esq.*
Shawn D. Bartley, Esq., Bar No. 15529
Shawn D. Bartley and Associates, LLC
8730 Georgia Avenue, Suite 610
Silver Spring, Maryland 20910
Phone 301.741.4124
*Counsel for Plaintiffs*